KELLY, Circuit Judge,
concurring in result.
I concur in the result. I agree with the court that this case requires us to remand for clarification to be sure that the district court had an accurate view of the facts with regard to Respondents’ claims of inadequate psychiatric care. However, I write separately to indicate my understanding of how district courts should negotiate the complex analysis required under Rule 23 for class certification while avoiding a consideration of the merits under the PLRA.
In Shook v. El Paso County, we reversed a district court’s denial of class certification in a similar case because the court “prematurely focused on whether the court could ultimately fashion a remedy that satisfied the strictures of [the PLRA],” rather than engaging in an analysis that specifically addressed the factors required under Rule 23. 386 F.3d 963, 972 (10th Cir.2004) (Shook I). In a second iteration of Shook v. El Paso County, which affirmed a district court’s denial of class certification in an opinion issued after the district court’s opinion in this case, we further elaborated on the analysis required. 543 F.3d 597 (10th Cir.2008) (Shook II). Specifically, we stated that, “Rule 23(b)(2) authorizes an inquiry into the relationship between the class framed in the complaint and injunctive relief requested.” Id. at 614. Essentially, a district court is “required to consider whether the remedies the class sought applied equally to all cases pending within the class.” Shook I, 386 F.3d at 971 (citation and alterations omitted).
This analysis necessarily requires district courts to walk a fine line between permissibly assessing whether the relief requested could alleviate the complaints of the class as a whole and impermissibly assessing the merits of the case under the PLRA. “In other words, while a district court may not evaluate the strength of a cause of action at the class certification stage, it must consider, without passing judgment on whether plaintiffs will prevail on the merits, whether remedying the harm alleged can be done on a class-wide basis in conformity with Rule 23(b)(2).” Shook II, 543 F.3d at 612; see also Maj. Op. at 1267. The court now warns against an “end-run” around Rule 65(d), and explains that “[i]njunctions simply requiring a defendant to obey the law are generally too vague to satisfy Rule 65(d).” Maj. Op. at 1267 (internal quotation marks and citation omitted). While this is no doubt correct, I am concerned by this court’s suggestion, as well as the dicta in Shook II, 543 F.3d at 605, that apparently seeks to impose significantly more than is called for under Rule 23(b)(2) upon those seeking class certification. The rule merely requires pleading facts that would reflect “the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief ... is appropriate respecting the class as a whole.” Fed.R.Civ.P. 23(b)(2). It is up to the district court to construct an appropriate order after hearing the evidence and neither Rule 23(b)(2) or Rule 65(d) impose any “specificity requirement” *1271 on the moving party other than as above noted.
In any event, as discussed, Shook II, which clarified the extent to which a district court must inquire into whether the relief requested is appropriate, was decided after the district court opinion in this case. Because the trial judge did not have the benefit of Shook II, it appears that he felt unnecessarily constrained from making any inquiry into the mechanics of the injunction requested, and because the Respondents did not provide such information, I concur in the result that this case be remanded for clarification as to whether the injunctive relief requested would alleviate the various complaints alleged.